UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEOPLE'S CHOICE HOME LOAN, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:06-CV-1709-G |
| DENNIS ROBERTO MORA, ET AL., | ) ) | **ECF** |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion by the plaintiff People's Choice Home Loan, Inc. ("PCHL" or "the plaintiff") for leave to file its first amended complaint.  Also before the court are motions by the defendant The Mortgagesmith, Inc. ("Mortgagesmith" or "the defendant") to strike certain references in the original complaint and certain documents attached thereto and to dismiss the original complaint for failure to state a claim upon which relief can be granted (or in the alternative for a more definite statement).  For the reasons set forth below, PCHL's motion for leave to file its first amended complaint is granted, and Mortgagesmith's

motions to dismiss will be deemed to apply to the first amended complaint once it is filed and served.

## I. BACKGROUND

PCHL's original complaint was filed in this court on September 19, 2006, naming eight individuals and entities as defendants. The crux of the original complaint is that the defendants, for their benefit and at the expense of PCHL, perpetrated a fraudulent mortgage transaction. The presently named defendants include, among others, the individual who applied for the mortgage loan, the mortgage broker, the property appraiser, the closing/escrow agent, and the escrow company. On December 7, 2006, PCHL filed the instant motion for leave to amend its complaint to join two additional defendants -- the attorney who prepared the closing papers and his law firm. To date, a scheduling order has not been entered in this case.

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a); see also *Foman v. Davis*, 371 U.S. 178 (1962) ("[L]eave to amend 'shall be freely given when justice so requires.'"). Whether a motion to amend should be granted is within the discretion of the district court. *Id*. at 182. When

exercising its discretion, the court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. . . ." *Overseas Inns S.A.P.A. v. United States*, 911 F.2d 1146, 1150-51 (5th Cir.1990) (quoting *Foman*, 371 U.S. at 182). A motion for leave should not be denied "unless there is a substantial reason to do so." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994).

No argument has been presented for denying leave to PCHL to amend its complaint. "In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182. The court is unable to divine any apparent indication of bad faith, undue delay, dilatory motive, or other substantial reason to deny PCHL's motion for leave to file its amended complaint. Therefore, the motion for leave is granted.

While it is a generally accepted principle that the filing of an amended complaint supersedes the prior complaint, see *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), a motion to dismiss, which attacks the original complaint for deficiencies that persist in the amended complaint, should not be denied as moot. Rather, the court should apply the motion to dismiss to the amended complaint. See *Holmes v. National Football League*, 939 F. Supp. 517, 522 n. 7 (N.D. Tex. 1996) (Fitzwater, J.);

see also *Sunset Financial Resources, Inc. v. Redevelopment Group V, LLC*, 417 F. Supp. 2d 632, 642 n. 15 (D.N.J. 2006).[*]  In the instant case, the alleged deficiencies complained of in Mortgagesmith's motion to strike and motion to dismiss are neither cured nor affected by the proposed first amended complaint attached to PCHL's motion for leave to amend.  Upon comparison of the original complaint and the proposed first amended complaint, the court notes that the proposed first amended complaint tracks the language of the original complaint verbatim except for the joinder of two additional defendants.  Accordingly, the assertions made in Mortgagesmith's motion to dismiss and motion to strike would be equally applicable to the proposed amended complaint.  Therefore, the court will reserve ruling on Mortgagesmith's pending motions until the first amended complaint is filed and served in accordance with this memorandum opinion and order.  At such time, the court will consider the motion to dismiss and the motion to strike ripe for decision and will apply these motions to the first amended complaint.

---

[*] "Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990).

III.  CONCLUSION

For the above stated reasons, the plaintiff's motion for leave to file its first amended complaint is **GRANTED**.  The plaintiff shall file and serve its first amended complaint **no later than January 25, 2007**.  The defendant Mortgagesmith's motion to strike and motion to dismiss will be deemed ripe for decision following the plaintiff's filing and serving of its first amended complaint.

**SO ORDERED**.

January 18, 2007.

_____
A. JOE FISH
CHIEF JUDGE