UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEOPLE'S CHOICE HOME LOAN, INC., ET AL., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:06-CV-1709-G |
| DENNIS ROBERTO MORA, ET AL., | ) ) | **ECF** |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, The MortgageSmith, Inc. ("MortgageSmith" or "the defendant"), to strike the indictment attached to the complaint and to dismiss the claims against it. For the reasons discussed below, the defendant's motion to strike is denied, and the defendant's motion to dismiss is granted in part and denied in part.

I. BACKGROUND

The plaintiff, People's Choice Home Loan, Inc. ("PCHL"), is a residential mortgage lender and servicer. MortgageSmith is a mortgage broker. PCHL originally filed this action on September 19, 2006 against Dennis Roberto Mora ("Mora"),

Mark A. Dean a/k/a Mark Banks ("Dean"), Kevin D. Holt ("Holt"), Anthony S. Lewandowski ("Lewandowski"), Debra D. Summers ("Summers"), Kendle R. McCalebb ("McCalebb"), Sendera Title, Inc., f/k/a Blue Star Title, Inc., and MortgageSmith. Original Complaint ¶¶ 2-9. The complaint was amended on January 22, 2007 to add defendants McCreary and Associates PPLC and David McCreary. Amended Complaint ¶¶ 10-11.

The crux of the amended complaint is that the defendants, for their benefit and at the expense of PCHL, perpetrated a fraudulent mortgage transaction. According to the amended complaint, on March 8, 2005, PCHL and MortgageSmith entered into a broker agreement whereby MortgageSmith was to act as a conduit connecting mortgage borrowers with PCHL. *Id.* ¶ 16. MortgageSmith served as the mortgage broker on a residential home loan to Mora ("the Mora loan"). *Id.* ¶ 18. MortgageSmith, through its agent Shane Fox ("Fox"), interviewed Mora to obtain financial information and retained McCalebb to appraise the residential property in question. *Id.* ¶¶ 19, 21. PCHL alleges that the information gathered by MortgageSmith and communicated to PCHL was false, and as a result of that false information, PCHL extended a loan in the amount of $580,000. *Id.* ¶ 25. Mora defaulted on the loan without making a single payment. *Id.* ¶ 40. PCHL brought this suit against MortgageSmith for fraud, conspiracy to commit fraud, breach of contract, indemnification, negligent supervision, and negligent misrepresentation. *Id.* at 9-13.

On October 13, 2006, MortgageSmith filed the instant motion to strike the criminal indictment attached to the complaint, motion to dismiss for failure to state a claim upon which relief can be granted, and, in the alternative, motion for a more definite statement.

## II. ANALYSIS

### A. Motion to Strike References to Criminal Indictment

It is uncontroverted that Dean, Holt, Lewandowski, and Summers have been indicted by a federal grand jury and are currently the subject of a criminal prosecution in the United States District Court for the Northern District of Texas in case number 3:03-CR-415-K. The plaintiff attached a copy of the indictment to the amended complaint, purportedly to aid the defendants in understanding the claims against them and to help the plaintiff plead with particularity. MortgageSmith argues on the instant motion that the indictment should be stricken because its attachment is "prejudicial and serves no legitimate purpose." Brief in Support of Defendant MortgageSmith, Inc.'s Motion to Strike, Motion to Dismiss for Failure to State a Claim Upon which Relief Can Be Granted, and Motion for More Definite Statement ("Motion to Dismiss") at 2. In support of its motion to strike, MortgageSmith cites FED. R. CIV. P. 12(f) and FED. R. EVID. 403, 404, 608, and 609. *Id.* MortgageSmith refers to no other legal authority in support of its argument that the indictment should be stricken.

Rule 12(f) confers upon the court the authority, upon motion by a party or *sua sponte*, to order as stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions under Rule 12(f) are disfavored. *F.D.I.C. v. Cheng*, 832 F. Supp. 181, 185 (N.D. Tex. 1993) (Sanders, C.J.). A court should not strike any portion of a pleading as irrelevant unless: (1) there is no possible relation between the challenged portion of the pleading and the underlying controversy; and (2) the challenged portion may prejudice the moving party. See *OKC Corporation v. Williams*, 461 F. Supp. 540, 550 (N.D. Tex. 1978) (Higginbotham, J.). As a general matter, references to criminal indictments and/or criminal pleas that do not serve to prove a necessary element of the civil causes of action or that do not arise out of the same series of events as the civil action should be stricken from the pleadings. See *Red Ball Interior Demolition Corporation v. Palmadessa*, 908 F. Supp. 1226, 1241-42 (S.D.N.Y. 1995) (denying a motion to strike a portion of the complaint referencing a prior contempt order because such order was necessary to establish an element of the underlying offense); *Goldstein v. North Jersey Trust Company*, 39 F.R.D. 363, 370 (S.D.N.Y. 1966) (holding that reference in the complaint regarding the incarceration of three defendants should be stricken since there was no indication that the criminal charges were related to the series of events alleged in the complaint); see also *N.W. Electrical Power Cooperative, Inc. v. General Electric Company*, 30 F.R.D. 557, 558-59 (W.D. Mo. 1961). MortgageSmith avers

that the inclusion of the indictment is prejudicial and that it serves no purpose in the underlying litigation.

In rebuttal, PCHL directs the court to *In re Sunrise Securities Litigation*, 793 F. Supp. 1306 (E.D. Pa. 1992), in support of the proposition that an indictment is properly attached to a complaint alleging fraud if the allegations in the indictment support the elements of fraud. In *Sunrise*, the district court found that attaching an indictment to the complaint was proper, at least in part, because the allegations in the indictment served to satisfy the particularity requirement of pleading fraud under FED. R. CIV. P. 9(b). *In re Sunrise Securities Litigation*, 793 F. Supp. at 1313.

In light of the general disfavor towards motions to strike and the fact that the allegations in the indictment aid in pleading fraud with particularity, MortgageSmith's motion to strike is denied. While the attached indictment may prejudice MortgageSmith in some limited respects, it is relevant to the allegations in the complaint. However, the court notes that the denial of this motion to strike is in no way a determination of the admissibility of the indictment at later stages in this litigation.

B.  <u>Defendant's Motion to Dismiss</u>

Under Rule 12(b)(6), MortgageSmith argues that the claims against it should be dismissed for failure to meet the Rule 9(b) requirements of pleading fraud with particularity. *See* Motion to Dismiss at 3. It also maintains that PCHL has failed to

state a claim on which relief can be granted for conspiracy to commit fraud, indemnification, negligent supervision, and negligent misrepresentation. Motion to Dismiss at 6-9.

1. *Standard for Dismissal Under Rule 12(b)(6)*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982) (citing 5B Wright & Miller § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir.1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir.1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir.1991). However, conclusory allegations

and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir.2003). In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir.1982), *cert. denied*, 464 U.S. 932 (1983).

### 2. *Count One -- Common Law Fraud*

A complaint need only recite a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). When, however, a defendant is charged with fraudulent activity, the plaintiff must state with particularity the circumstances constituting fraud. FED. R. CIV. P. 9(b).[1] Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Fifth Circuit interprets Rule 9(b) strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.), *cert. denied*, 522 U.S. 966 (1997); *Nathenson v. Zonagen Inc.*,

---

[1] As the Fifth Circuit has noted, the purpose of the heightened pleading standard of Rule 9(b) is to provide defendants with fair notice of the plaintiffs' claims, protect defendants from harm to their reputation and goodwill, reduce the number of strike suits, and prevent plaintiffs from filing baseless claims in an attempt to discover unknown wrongs. *Tuchman v. DSC Communications Corporation*, 14 F.3d 1061, 1067 (5th Cir. 1994).

267 F.3d 400, 412 (5th Cir.2001); see also *Benchmark Electronics, Inc. v. J.M. Huber Corporation*, 343 F.3d 719, 724 (5th Cir. 2003) (stating that Rule 9(b) requires the plaintiff to lay out "the who, what, when, where, and how" of the alleged fraud). If the facts pleaded in a complaint are within the opposing party's knowledge, fraud pleadings may be based on information and belief. See *Tuchman*, 14 F.3d at 1068.

Rule 9(b) permits a plaintiff to allege generally the defendant's intent to commit fraud. FED. R. CIV. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally."). A mere allegation that the defendant had the requisite intent, however, will not satisfy Rule 9(b). *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir.1994); *Tuchman*, 14 F.3d at 1068. To adequately plead fraudulent intent, the plaintiff must set forth specific facts that support an inference of fraud. *Tuchman*, 14 F.3d at 1068. The factual background adequate for an inference of fraudulent intent can be satisfied by alleging facts that show the defendant's motive. See *id.*

Dismissal of a fraud claim for failure to plead the claim with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6). See *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). However, if it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend it claim rather than dismiss it. *Kennard v. Indianapolis Life Insurance Company*,

420 F. Supp. 2d 601, 608-09 (N.D. Tex. 2006) (Fish, C.J.); *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985). Furthermore, leave to amend a pleading should be freely given and should be granted unless there is some justification for refusal. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 386 (5th Cir. 2003).

MortgageSmith asserts that PCHL failed to plead with particularity the elements regarding the knowledge and intent of MortgageSmith. Motion to Dismiss at 4. The court agrees with MortgageSmith and finds *Tuchman* controlling in this case. The Fifth Circuit in *Tuchman* teaches:

> The factual background adequate for an inference of fraudulent intent can be satisfied by alleging facts that show a defendant's motive to commit . . . fraud. Where a defendant's motive is not apparent, a plaintiff may adequately plead scienter by identifying circumstances that indicate conscious behavior on the part of the defendant, though the strength of the circumstantial allegations must be correspondingly greater. *Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46, 50 (2d Cir.1987), *cert. denied*, 484 U.S. 1005, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988), overruled on other grounds, *United States v. Indelicato*, 865 F.2d 1370 (2d Cir.) (en banc), *cert. denied*, 493 U.S. 811, 110 S.Ct. 56, 107 L.Ed.2d 24 (1989). If the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief. However, this luxury "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Wexner [v. First Manhattan Co.]*, 902 F.2d [169,] at 172 [(2d Cir. 1990)].

*Tuchman*, 14 F.3d at 1068.

While the factual allegations contained in the amended complaint are sufficient to demonstrate an *opportunity* to commit fraud, *see* Amended Complaint ¶ 19 (alleging that MortgageSmith, through its agent Fox, interviewed Mora, the borrower, to obtain financial information for approval of the loan); *id.* ¶ 21 (alleging that MortgageSmith selected and hired the property appraiser, McCalebb, to appraise the property in question), the amended complaint is devoid of any indication of *conscious behavior* on the part of MortgageSmith or of any indication of a *motive* to defraud.[2]

Because PCHL has failed to meet the pleading requirements of Rule 9(b) with regard to the fraud claim against MortgageSmith, the motion to dismiss that claim is granted. It is possible, however, that a more specific pleading may cure this deficiency. Accordingly, the court grants PCHL leave to file a second amended complaint to re-plead its fraud claim against MortgageSmith.[3]

---

[2] The only financial benefit to MortgageSmith that can be gleaned from the amended complaint is that MortgageSmith received a broker's fee and a yield spread premium for handling the Mora loan. Amended Complaint ¶ 24. However, there is no allegation in the complaint that these payments would not have been received absent fraud on the part of MortgageSmith or that the amount of these fees would have been less in the absence of fraud.

[3] Though not based on a direct assertion in the amended complaint, MortgageSmith also moves to dismiss any claim of concert of action that may be asserted against it. *See* Motion to Dismiss at 6. Presumably, this argument relates to the statement in the fraud claim that "[t]he Defendants *acting in concert* submitted false information and fraudulent documents . . .". Amended Complaint ¶ 45 (emphasis added). To the extent that PCHL may have attempted to raise such a
(continued...)

### 3. *Count Two -- Conspiracy to Commit Fraud*

To prove a cause of action for civil conspiracy under Texas law, a plaintiff must establish the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 635 (5th Cir. 2002) (quoting *Massey v. Armco Steel Company*, 652 S.W.2d 932, 934 (Tex. 1983)). As a general rule, any claim sounding in fraud must be pled with particularity. See *Hernandez v. Ciba-Geigy Corporation USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001). When the plaintiff fails to plead fraud with particularity, the derivative claim of conspiracy must similarly be dismissed. *Id.* at 292; see also *United States ex rel. Riley v. St. Luke's Episcopal Hospital*, 355 F.3d 370, 380 (5th Cir. 2004). Accordingly, because PCHL failed to plead its fraud claim against MortgageSmith with particularity, PCHL's claim of conspiracy to commit fraud alleged against MortgageSmith must likewise be dismissed. The court again grants the plaintiff leave to amend its complaint to re-plead this count.

---

[3](...continued)
concert of action claim, the court grants MortgageSmith's Rule 12(b)(6) motion to dismiss. In Texas, the tort of concert of action requires that the underlying tort be of a "highly dangerous, deviant, or anti-social group activity which [is] likely to cause serious injury or death to a person or certain harm to a large number of people." *Juhl v. Airington*, 936 S.W. 2d 640, 645 (Tex. 1996). Such a tort has not been alleged here.

### 4. *Count Four -- Indemnification*

PCHL asserts a claim for indemnification under the terms of a broker agreement allegedly entered into by PCHL and MortgageSmith. The plaintiff contends that the terms of the indemnification provision creates an obligation on the part of MortgageSmith to indemnify PCHL for any losses resulting from the Mora loan. Amended Complaint ¶¶ 56-58. The claim for indemnification is, essentially, a breach of contract claim -- MortgageSmith agreed by contract to indemnify PCHL but, following a loss suffered by PCHL, MortgageSmith has not performed on its obligations under the contract. Under Texas state law, to recover on a claim of breach of contract, the plaintiff must prove: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach. See *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 288 (5th Cir. 2004); *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Association*, 205 S.W.3d 46, 55 (Tex. App.--Dallas 2006, pet. denied).

In its amended complaint, PCHL properly alleged all of the necessary elements to prevail on the breach of contract/indemnification claim. The only points raised by MortgageSmith on this motion to dismiss are fact based arguments: it alleges that a valid contract does not exist and that the plaintiff's interpretation of the indemnification provision is overly broad. However, such factual inquiries are not

warranted at this pre-answer stage. The only question before the court is whether the plaintiff can recover if it proves all of the facts alleged in the complaint. As pled, the court finds that the plaintiff has stated a claim for indemnification upon which relief can be granted.

### 5.  *Count Six -- Negligent Misrepresentation*

The plaintiff brings a claim of negligent misrepresentation against MortgageSmith, alleging that MortgageSmith was negligent in making certain representations in the Mora loan application that proved to be false. Amended Complaint ¶ 64. To recover on a claim of negligent misrepresentation, the plaintiff must prove: "(1) the representation [was] made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplie[d] 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffer[ed] pecuniary loss by justifiably relying on the representation." *Federal Land Bank Association of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). The plaintiff alleges that MortgageSmith, in the ordinary course of business, made representations in the form of a false loan application and inflated appraisal, on which PCHL justifiably relied. *See* Amended Complaint ¶¶ 16, 21. Accordingly, the plaintiff argues, MortgageSmith did not exercise reasonable care in obtaining the information in the loan application. *Id.*

¶ 64. If the plaintiff's allegations can be proven, then PCHL would be entitled to recover on the negligent misrepresentation claim.  However, MortgageSmith's motion to dismiss does not stem from an allegation that a claim has not properly been asserted.

Rather, MortgageSmith contends that the negligent misrepresentation claim must be dismissed because under *Southwestern Bell Telephone Company v. DeLanney*, 809 S.W.2d 493 (Tex. 1991), the negligent misrepresentation claim is not independent of the breach of contract claim.[4]  At this stage in the litigation, however, an inquiry into the applicability of *DeLanney* is unwarranted.[5]

Assuming, without deciding, that the defendant is correct -- *viz.*, that PCHL cannot maintain its negligent misrepresentation because that common law duty is

---

[4] The court notes that PCHL asserts a breach of contract claim against MortgageSmith in addition to the indemnification claim.  Though MortgageSmith challenged the existence of a valid contract in relation to the indemnification claim, it made no such argument with regard to the breach of contract claim and, in fact, has not moved for the dismissal of that claim.

[5] Under *DeLanney*, if the conduct of the defendant gives rise to an action sounding in tort only as a result of an existing contract, then the suit for recovery can only sound in contract.  See *Delanney*, 809 S.W.2d at 494.  Other courts have interpreted *DeLanney* as creating a two-part analysis to determine whether a tort claim and contract claim arising from the same factual predicate can be brought simultaneously: "the independent injury doctrine will preclude a cause of action if 1) the claim is for breach of duty created solely by contract rather than a duty imposed by law, and 2) the injury is only the economic loss to the subject of the contract itself." *Nazareth International, Inc. v. J.C. Penney Corporation, Inc.*, No. 3:04-CV-1265-M, 2005 WL 1704793, at *7 (N.D. Tex. July 19, 2005) (Lynn, J.) (citing *Eastman Chemical Company v. Niro, Inc.*, 80 F. Supp. 2d 712, 717 (S.D. Tex. 2000)).

subsumed by the obligations in the contract -- the court is still confronted with a factual scenario in which recovery under the negligent misrepresentation claim may transpire. Specifically, MortgageSmith, in the section of its motion to dismiss regarding the indemnification clause, indicates that it disputes the existence of a valid contract. Were MortgageSmith to prevail on this argument, there would be no contract to subsume the negligent misrepresentation tort claim. With knowledge of MortgageSmith's claim that no valid contract exists between itself and PCHL, the court cannot allow for MortgageSmith to argue out of both sides of its mouth. As the pretrial stage of this case progresses, a resolution as to the existence (or lack thereof) of a valid contract may become apparent. At that time, the preclusive effect of *DeLanney* may be better addressed. In the interim, when applying a proper Rule 12(b)(6) standard of review, the court is unable to conclude that there is no set of facts under which the plaintiff may recover on this negligent misrepresentation claim. Accordingly, the motion to dismiss count six is denied.

### 6. *Count Five -- Negligent Supervision*

PCHL also asserts a claim of negligent supervision against MortgageSmith, alleging that MortgageSmith was negligent in "hiring, supervising and retaining" Fox, the agent of MortgageSmith who processed the Mora loan. Amended Complaint ¶ 60. In its motion to dismiss, MortgageSmith asserts two arguments to support dismissal of this claim -- (1) that *DeLanney* prohibits the assertion of both the

contract claim and the negligent supervision claim, and (2) that PCHL has failed to allege an act of negligence on which the negligent supervision claim can be based. Motion to Dismiss at 8. For the same reason as stated above, the court will not address the application of *DeLanney* at this time.

To recover on a claim of negligent supervision, the plaintiff must prove that the defendant owed the plaintiff a legal duty to supervise its employees, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injuries. See *Knight v. City Streets, L.L.C.*, 167 S.W.3d 580, 584 (Tex. App.--Houston [14th Dist.] 2005, no pet.). In addition to proving negligence on the part of the employer in hiring, supervising, or training the employee, the plaintiff also must prove that the employee committed an actionable tort. See *Brown v. Swett & Crawford of Texas, Inc.*, 178 S.W.3d 373, 384 (Tex. App.--Houston [1st Dist.] 2005, no pet.). After reviewing the amended complaint as a whole, the court concludes that PCHL could recover on its claim of negligent supervision if it proved the factual allegations stated therein. As for MortgageSmith's argument that no act of negligence has been alleged with regard to the employee, the negligent misrepresentation claim addressed above would suffice to meet this requirement. Accordingly, MortgageSmith's motion to dismiss for failure to state a claim of negligent supervision is denied.

III. CONCLUSION

For the above stated reasons, the defendant's motion to strike is **DENIED** and the defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part. The motion to dismiss is **GRANTED** as to the fraud claim and the conspiracy to commit fraud claim; the motion to dismiss is **DENIED** as to all other claims. The court **GRANTS** the plaintiff leave to file a second amended complaint to re-plead its fraud claim and conspiracy to commit fraud claim in accordance with this memorandum opinion and order. If the plaintiff chooses to replead these claims, its amended complaint must be electronically filed and served by **March 19, 2007**.

**SO ORDERED**.

March 7, 2007.

_____
A. JOE FISH
CHIEF JUDGE